## Van Bibber v. Geer.

See this case for what is said respecting the right of the payee of a note payable to bearer, from whom the note has been fraudulently obtained, to intervene and claim judgment in his own favor against maker ; and as to parties,

Where suit was brought in August, 1852, and a petition of intervention was filed in March, 1853, one day before the case was called for trial, and the Court refused to entertain the petition, this Court said, The petition was filed but the day before the trial, and does not appear to have been brought to the notice of the Court or the plaintiff until after the cause was called for trial, although the suit had been pending for months ; nor is the omission to present it at an earlier day, and give notice to the plaintiff so as to enable him to be prepared with evidence, &c., in any manner accounted for ; and the ruling was affirmed.

Error from Hopkins. The appellee brought suit against Cole, on a promissory note, in August, 1852. At the spring term of the Court, and on the 29th day of March, 1853, the plaintiff in error filed a petition, intervening and claiming the ownership of the note sued on. The petition alleges that the petitioner, being the owner and bearer of the note, in November, 1851, transferred it by delivery to one Dixon, in part payment for a negro purchased by him from Dixon ; that Dixon falsely represented and warranted the negro to be sound, but that he was unsound and valueless ; that before he discovered the unsoundness Dixon had left the State of Louisiana, where the petitioner resides, and has not returned within his knowledge ; that when the plaintiff, Geer, became possessed of the note he well knew that it had been obtained from the plaintiff by the aforesaid fraudulent means ; that he has offered and is ready and willing to return the negro, but that Dixon has refused to receive him ; and he prays that he may be permitted to intervene in the suit then pending, and that he have judgment against the defendant for the contents of the note. On the day after the filing of this petition, when the cause was called for trial, the defendant's attorneys presented the petition, signed by them, and which had been filed

without the leave of the Court first having been obtained, and claimed for the petitioner the right to intervene; but the Court refused to entertain the application, and required the parties to proceed to trial. There was a verdict and judgment for the plaintiff, and Van Bibber, the party claiming the right to intervene, brought a writ of error.

*W. H. Johnson* and *S. H. Morgan*, for plaintiff in error.
The intervener alleges that he was the rightful owner of the note sued on, and that it was procured from him by fraud, and without any consideration, and that Geer was fully apprised of these facts before he received the note. Taking the allegations in the interplea as true, it is clear that Van Bibber had an interest in said note, and that Geer was apprised of the same. All persons who have an interest in the subject matter may be made parties, either as plaintiffs, defendants, or interveners. (2 Tex. R. 428; 8 Id. 74; 10 Id. 2.)

*T. J. & J. H. Rogers*, for defendant in error. There can be no doubt but that in a proper case a party who is a stranger to the record may lawfully intervene under our system, but it is conceived that the facts of this case do not warrant it. If Dixon, (the person of whom Van Bibber complains, and who is a stranger to the record also,) sold a slave to Van Bibber, as he alleges in his petition to intervene, then he (Dixon) is liable and responsible to Van Bibber on the warranty, or for any fraud he may have committed in the sale, because Dixon is solvent and responsible, at least as far as can be known from the allegations of Van Bibber, and in this case Dixon should have been made a party. The petition to intervene charges him with having committed a fraud, also that he was liable to Van Bibber on a warranty of the slave, and seeks to try these questions without the knowledge of Dixon. Who best knew the situation, health, and sense of the negro sold to Van Bibber at the time of the sale? Cer-

tainly Dixon had better means of knowing these facts than Geer. Certainly Dixon well knew what representations he had made in the sale of said slave. Certainly he and he only knew the proof that would best defeat the suit of Van Bibber, and if the question of his warranty or a fraud committed by him on Van Bibber was to be adjudicated, he was an indispensable party.

Again, as shown by the petition of Van Bibber, the note sued on in this suit forms only a part of the consideration for the negro bought of Dixon, and if he speaks the truth when he says the slave is valueless, then Dixon would be liable to him in another suit, for the remainder of the damages he has sustained by the breach of the warranty, or fraud committed on the part of Dixon; and if he were made a party to this suit he must be harrassed by another and multiplicity of suits, which the law abhors and the Courts cannot tolerate.

WHEELER, J. It may well be questioned whether the petition presented a case which would have entitled the plaintiff in error to intervene, if it had been presented in proper time, and with due notice to the plaintiff. The note had been transferred to Dixon in part payment for the negro, as money; and though, by reason of the fraudulent representation in the sale, he may have been entitled to rescind the contract and recover back the price paid, it is questionable whether this note could have been recovered back specifically as a chattel. There is no averment that Dixon was insolvent and unable to respond in damages, that his residence was unknown, or that he had not property in that State, subject to the petitioner's demand. It would seem that the remedy of the petitioner was by suit against Dixon to recover back the price paid for the negro.

If, upon the facts stated in his petition, the party was entitled to intervene in this suit, and recover upon the note, it manifestly was incumbent on him to have made Dixon a party to the suit. It was proposed to bring his rights in litigation,

and an opportunity should have been afforded him of making his defence.

But it will suffice, to dispose of the case, that the time and manner of presenting the petition did not entitle the party to be heard. The petition was filed but the day before the trial, and does not appear to have been brought to the notice of the Court or the plaintiff until after the cause was called for trial, although the suit had been pending for months. Nor is the omission to present it at an earlier day, and give notice to the plaintiff so as to enable him to be prepared with evidence to maintain his title to the note, in any manner accounted for. To have entertained the application, under the circumstances, would have operated a surprise and manifest injustice to the plaintiff. The judgment is affirmed.

Judgment affirmed.